# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                              4:18-cr-00622-KGB-7

BLANCA F. CABELLERO

## ORDER

Pending before the Court is Defendant Blanca Flor Cabellero's "Motion for Bail Hearing and Release," filed on September 23, 2020. *Doc. 119.* For the reasons explained below, Ms. Cabellero's Motion is denied.

**I. Background**

On August 7, 2019, Ms. Caballero was charged in a Superseding Indictment with conspiracy to possess with intent to distribute methamphetamine and distribution of methamphetamine.

On August 15, 2019, Magistrate Judge Jerome T. Kearney entered an Order of Detention. In the Order, he noted that Ms. Cabellero had waived her right to a detention hearing due to detainer placed on her by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE").[1] The Order specifically noted that Ms. Cabellero could request a detention hearing in the future, "should her conditions change." *Doc. 61.*

---

[1] Ms. Calebellero's pending Motion makes no mention of the ICE detainer, which presumably is still in place.

On September 23, 2020, Ms. Cabellero filed the Motion for Bail Hearing and Release now before the Court.

Relying solely on 18 U.S.C. § 3142(i),[2] Ms. Cabellero argues that the COVID-19 pandemic is a compelling reason necessitating her "temporary release."  For the reasons stated below, Ms. Cabellero has failed to demonstrate that her particular circumstances rise to the level of a compelling reason justifying her temporary release. *See United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013) (collecting cases); *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895 (D. Kansas March 25, 2020) (instructing that "whether a defendant's particular circumstances warrant release in light of the COVID-19 pandemic" should be considered on "a case-by-case basis" under § 3142(i)'s "another compelling reason" prong).

## II. Discussion

In *Clark*, the court noted that "generalized COVID-19 fears and speculation" will not alone justify a request for temporary release.  Rather, the court identified four factors that must be evaluated in assessing a request for temporary release under § 3142(i):  (1) "the original grounds for the defendant's pretrial detention;"  (2) "the specificity of the defendant's stated COVID-19 concerns;"  (3) "the extent to which

---

[2] The statute permits me to "permit the temporary release" of Ms. Cabellero if I determine such release is "necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. s3142(i).

the proposed released plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant"; and (4) "the likelihood that the defendant's proposed release would increase COVID-19 risks to others." *Clark* at *3. These non-exclusive factors are "not necessarily" weighed equally but should be considered "as a whole" in assessing whether a "compelling reason" exists necessitating a defendant's temporary release. *Id*.

### (1)  The original grounds for Ms. Cabellero's pretrial detention

Based on the ICE detainer, Ms. Cabellero waived a bond hearing and agreed to be detained. Thus, the Court has no information regarding the § 3142(g) factors it would normally consider in evaluating Ms. Cabellero's suitability for pretrial release and, if she were released, the conditions that would need to be imposed.

This weighs against her request for temporary release.

### (2)  The specificity of Ms. Cabellero's stated COVID-19 concerns

Ms. Cabellero raises only general concerns about her increased risk of contracting the virus. She does *not* allege that she has any specific health concerns that place her at an increased risk of harm if she does contract COVID-19.

This weighs against her request for temporary release.

### (3)  The extent to which Ms. Cabellero's proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks

Ms. Cabellero's proposed release plan involves her living with family members, under any conditions the Court deems necessary, including home detention and location

monitoring. The Court does not know enough about Ms. Cabellero's proposed living conditions and family situation to meaningfully evaluate this factor.

### (4) The likelihood that Ms. Cabellero's proposed release would increase risks to others

For lack of information, the Court also considers this factor, like the third factor, to be neutral. However, even if this factor weighed in Ms. Cabellero's favor, it would not be enough to offset the two factors that weigh against her request for temporary release.

### III. Conclusion

Ms. Cabellero has failed to demonstrate that her temporary release is necessary for a "compelling reason."

IT IS THEREFORE ORDERED THAT Defendant Blanca Flor Caballero's Motion for Bail Hearing and for Order Granting Temporary Release, *Doc. 119*, is DENIED.

IT IS SO ORDERED this 2nd day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE